## JOHN LANE versus JOSIAH CROSBY.

A justice of the peace took a recognizance on appeal, in a suit pending before him, the condition of which was that the " appellant shall *appear* at the Court aforesaid, and shall prosecute his said appeal with effect, and shall pay all *intervening damages* and costs," &c. : — *Held*, that by R. S. of 1841, c. 116, § 10, justices of the peace have no authority to require the personal appearance of an appellant at the appellate Court, nor the payment of intervening damages and costs.

There are no presumptions in favor of the jurisdiction of an inferior magistrate.

ON DEMURRER from *Nisi Prius.*

This was an action of *scire facias*, against the surety in a recognizance, on appeal from a justice of the peace. The de-

fendant demurred to the declaration. The question in issue is stated in the opinion of the Court.

*McClellan & Hutchinson,* for plaintiff.

*Josiah Crosby, pro se.*

APPLETON, J.— This is an action of *scire facias,* on a recognizance taken before a magistrate, in a suit pending before him on appeal, the condition of which, as set forth in the declaration, is, that the appellant "shall *appear* at the court aforesaid, and shall prosecute his said appeal with effect, and shall pay all *intervening damages* and costs," &c. To this declaration, the defendant, who was a surety in the ·recognizance, has demurred, and the question presented is, whether the contract, into which the defendant is alleged to have entered, is obligatory upon him.

There are no presumptions in favor of the jurisdiction of an inferior magistrate. The provision of R. S., c. 116, § 10, on this subject, is, that the appellant shall recognize, with sufficient surety or sureties, to the adverse party, if required by him, in a reasonable sum, with condition to *prosecute his appeal with effect,* and pay all costs arising after the appeal. It has been settled, that a magistrate has no authority to require the personal appearance of the appellant, at the appellate court, nor the payment of intervening damages and costs. *French* v. *Snell,* 37 Maine, 100. The recognizance is not in conformity with the requirements of the statute. The declaration sets forth no sufficient cause of action, and must be adjudged bad.

*Declaration bad.*—*Judgment for defendant for costs.*

TENNEY, C. J., and RICE, CUTTING and MAY, J. J., concurred.